IN THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAKAN TASAY,

    Plaintiff,

vs.

RETA OCEAN DRIVE, LLC, a Florida for-profit corporation, and REFIK CEVIK, an individual,

    Defendants.

_____/

COMPLAINT

CASE NO.:

## **COMPLAINT**

COMES NOW Plaintiff HAKAN TASAY ("Plaintiff"), who was an employee of Defendants RETA OCEAN DRIVE, LLC, a Florida for-profit corporation, and REFIK CEVIK, an individual (together, "Defendants"), and brings this action for unpaid minimum wage compensation, liquidated damages, and other relief under the Florida Minimum Wage Act ("FMWA"), Article X, Section 24 of the Florida Constitution and Fla. Stat. 448.110.

### I.    **INTRODUCTION**

1. Plaintiff seeks unpaid minimum wages of which he was deprived, an equal amount of liquidated damages, reasonable attorneys' fees and costs, and all other relief the court deems appropriate.

2. Before filing, Plaintiff served Defendants with his demand for damages sought on October 14, 2015, pursuant to Fla. Stat. 448.110, and all conditions precedent for filing this suit have been met.

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## II.     JURISDICTION AND VENUE

3. Venue is proper because Defendant transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

4. This Court has original jurisdiction over Plaintiff's claims.

## III.     PARTIES

5. Plaintiff HAKAN TASAY ("Mr. TASAY") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendant, as the term "employee" is defined by 29 U.S.C. § 203(e). Mr. TASAY consents to participate in this lawsuit.

6. Defendant RETA OCEAN DRIVE, LLC ("RETA") is a Florida for-profit company that owns and operates the Mia Bella Roma restaurant at which Plaintiff was employed, located in Miami Beach, Florida.

7. Defendant REFIK CEVIK ("CEVIK") an individual and *sui juris*, is the sole manager of RETA OCEAN DRIVE, LLC. Cevik acted directly and indirectly in the interest of RETA. CEVIK frequented the Mia Bella Roma restaurant and had the power to direct employees' actions.  CEVIK had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees at Mia Bella Roma restaurant in accordance with the FLSA and therefore the FMWA, making Defendant CEVIK an employer pursuant to Article X, Section 24 of the Florida Constitution.

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## IV. COVERAGE

8. During all material times, Defendant RETA OCEAN was an enterprise covered by the FLSA, and therefore the FMWA, in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. During all material times, Defendants employed ten or more employees.

10. During all material times, Defendant RETA OCEAN was an employer as defined by 29 U.S.C. § 203(d).

11. During all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## V. FACTUAL ALLEGATIONS

12. Defendants own and operate the Mia Bella Roma restaurant, at which Plaintiff was employed as a server, in Miami Beach, Miami-Dade County, Florida.

13. Mr. Tasay worked as a server for Defendants from October, 2010, approximately, through September, 2011.

14. During the relevant time period (a maximum of five years under the FMWA), the applicable Florida minimum wage was $7.25 per hour from 2009 through May 30, 2011, and $7.31 per hour from June 1, 2011 through December 31, 2011.

15. Throughout this entire period of employment, Mr. Tasay was never paid an hourly wage.

16. Defendants knew or showed reckless disregard as to whether their policy concerning non-payment of wages was prohibited by the Florida Constitution, thus they willfully engaged in practices that denied Plaintiff the applicable minimum wage.

17. Defendants' acts and omissions that gave rise to this action were not in good faith reliance on relevant case law or statements or findings of the Department of Labor.

18. Throughout the Relevant Time Periods, Plaintiff regularly worked an average of fifty-five (55) hours per seven-day week for fifty-one weeks.

19. Given the applicable minimum wage owed, at 55 hours for 51 weeks, Mr. Tasay is owed $19,594.85, approximately, for actual damages, and because the Defendants' actions were willful, Mr. Tasay is owed an equal amount in liquidated damages, plus reasonable attorney's fees and costs.

20. In addition, Defendants failed to provide the notice required under the FLSA, and therefore the FMWA, and did not inform Plaintiff of Defendants' intent to force him to work only for tips.

21. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I

### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLORIDA CONSTITUTION, ARTICLE X, SECTION 24

22. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21, above, as though fully stated herein.

23. During the Relevant Time Period, Defendants willfully violated the Florida Constitution, Article X, § 24 by failing to pay Plaintiff the minimum wage required by Florida law.

4

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter the following relief:

a) Find that, during the Relevant Time Period, Defendants violated the FMWA by failing to pay Plaintiff the minimum wage required by Florida law;

b) Find that, during the Relevant Time Period, Defendants acted willfully in violating the FMWA by failing to pay Plaintiff the minimum wage required by Florida law;

c) Find that the statute of limitations under the FMWA for Plaintiff is five years because of the Defendants' willful violation of the FMWA;

d) Award to Plaintiff unpaid minimum wages during the Relevant Time Period under the FMWA;

e) Award to Plaintiff liquidated damages equal to the unpaid minimum wages under the FMWA;

f) Award to Plaintiff reasonable attorneys' fees and costs; and

g) Award other such and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 1st day of December, 2015.

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **December 1, 2015**, I electronically filed the foregoing document via e-Filing Portal. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by e-Filing Portal, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By:    s/Robert W. Brock II
          Robert W. Brock II, Esq.

### TASAY v. RETA OCEAN, LLC and CEVIK
### CASE NO.:

### Service List

**Robert W. Brock II, Esq.**
Bar No. 75320
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
PrimaryEmails:robert@kuvinlaw.com
Secondary Email: legal@kuvinlaw.com
*Attorney for Plaintiff*

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808